## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS,
## MARSHALL DIVISION

| | | |
|---|---|---|
| Schlumberger Technology Corporation, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY TRIAL REQUESTED |
| BICO Drilling Tools, Inc., | § § | |
| Defendant | § § | |

## COMPLAINT

Plaintiff, Schlumberger Technology Corporation ("Schlumberger"), complains of Defendant, BICO Drilling Tools, Inc. ("BICO"), as follows:

## PARTIES

1. Schlumberger is a Texas corporation having a principal place of business at 300 Schlumberger Drive, Sugar Land, TX 77478. Schlumberger supplies drilling and measurement products and equipment for the oil and gas exploration and production industry.

2. BICO is a Texas corporation having its principle place of business located at 1604 Greens Road, Houston, TX 77032.

## PATENT

3. Schlumberger owns United States Patent No. 6,604,921 ("the '921 Patent") entitled "Optimized Liner Thickness for Positive Displacement Drilling Motors," which issued on August 12, 2003 (Exhibit A). Schlumberger has owned the '921 Patent during the entire period for which relief is sought under 35 U.S.C. §§ 271 and 286.

## STANDING

4. Schlumberger has standing in this lawsuit as owner of the '921 Patent.

## JURISDICTION

5. This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of these claims made under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court may exercise personal jurisdiction over BICO. BICO is incorporated in Texas, has its Headquarters located at 1604 Greens Road, Houston, TX 77032 and regularly transacts business throughout Texas and in this district.

## VENUE

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

8. BICO may be sued in this district under 28 U.S.C. § 1391(c), as it is a corporation subject to personal jurisdiction in this district and thus, resides in this district. BICO is incorporated in Texas and transacts business in this district.

9. BICO may also be sued in this district under 28 U.S.C. § 1400(b), as it is a corporation subject to personal jurisdiction in this district and thus, resides in this district.

## COUNT I - INFRINGEMENT OF THE '921 PATENT

10. Schlumberger re-alleges the allegations in paragraphs 1-9 as though fully set forth herein.

11. Without a license or permission from Plaintiff Schlumberger, Defendant BICO infringes or has infringed, literally or under the doctrine of equivalents, of one or more Claims of the '921 Patent, including but not limited to Claims 1 and 8, by importing, making, using, offering to sell, and/or selling products and/or systems that embody the patented inventions,

including, among other products and/or systems, (a) BICO stators, motors, and power sections that infringe at least Claim 1 of the '921 patent, including but not limited to BICO's SpiroStar Stators, BICO's SpiroStar Supreme stators, BICO's ThruTubing motors, and BICO's SpiroStar Power Sections, and (b) BICO motors and/or power sections that infringe at least Claim 8 of the '921 patent, including but not limited to BICO's Thru Tubing motors and SpiroStar Power Sections that incorporate SpiroStar Stators, SpiroStar Supreme stators, or similar stators.

12. Defendant BICO's infringement of the '921 Patent has caused substantial damage to Plaintiff Schlumberger and, as a consequence, Schlumberger is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

WHEREFORE, Plaintiff Schlumberger asks this Court to enter judgment against Defendant BICO, and against Defendant's subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with Defendant, granting the following relief:

    A. an award of damages adequate to compensate Plaintiff Schlumberger for the infringement that has occurred, and in no event less than a reasonable royalty, together with prejudgment interest from the first date of infringement of the '921 Patent;

    B. increased damages as permitted under 35 U.S.C. § 284;

    C. a finding that this case is exceptional and an award to Plaintiff Schlumberger its attorneys' fees and costs as provided by 35 U.S.C. § 285;

    D. a permanent injunction prohibiting further infringement of the '921 Patent; and

    E. such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff Schlumberger demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ Bruce W. Slayden II*
Bruce W. Slayden II
**Lead Attorney**
Texas Bar No. 18496695
Email: bslayden@kslaw.com
R. William Beard, Jr.
Texas Bar No. 00793318
Email: wbeard@kslaw.com
KING & SPALDING LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100
**ATTORNEYS FOR PLAINTIFF SCHLUMBERGER TECHNOLOGY CORPORATION**